***Law Office of Rodney W. Wickers***
Rodney W. Wickers, Esq. – SBN 74062
Rod@WickersLaw.com
Christina M. Wickers, Esq. – SBN 284613
Christina@WickersLaw.com
Alexandra L. Admans, Esq. – SBN 293826
Alex.Admans@WickersLaw.com
Skypark Atrium
2790 Skypark Drive
Suite 209
Torrance, California 90505
(310) 540-2520
(310) 540-0841-fax
***www.WickersLaw.com***

Attorneys for Defendant
Hair Art Int'l, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERNATIONAL DESIGNS CORPORATION, a Florida limited liability corporation, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HAIR ART INT'L, INC., a California company,<br><br>Defendants. | Case Number: 2:17-cv-08411 GW (PJW)<br>**NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE THE OPINIONS AND TESTIMONY OF DR. DAVID STUART BROOKSTEIN SC.D. AND GÜNTER ALEX; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF DEFENDANT HAIRART'S MOTION TO STRIKE AND EXCLUDE DR. STUART BROOKSTEIN SC.D'S AND GÜNTER ALEX'S OPINION AND TESTIMONY**<br><br>**HONORABLE GEORGE H. WU**<br>**HEARING DATE: October 4, 2018**<br>**TRIAL DATE: March 18, 2019**<br>**TIME: 9:00a.m.**<br>**COURTROOM: 9D** |



*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

HAIR ART INT'L, INC., a California Corporation,

Counter-Claimants,

vs.

INTERNATIONAL DESIGNS CORPORATION, a Florida limited liability corporation and HAIRTALK GmbH, a Limited liability company of Germany, Günter Alex, an individual.

Counter-Defendants.

**TO PLAINTIFFS AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE THAT**: On October 4, 2018, at 8:30a.m., or as soon thereafter as the matter may be heard in the above entitled court, located at 350 W. First Street, Los Angeles, California 90012, Defendant and Counter-Claimant, Hair Art Int'l, Inc., a California corporation, ("HairArt") will and hereby does move this Court for and Order to strike and exclude the opinions and testimony of David Stuart Brookstein, SC.D. ("Brookstein") for all purposes and the inventor Günter Alex for the purposes of claim construction, including the (1) Declaration in Support of the Plaintiff's International Designs Corporation, a Florida limited liability corporation and Hairtalk Gmbh, a limited liability company of Germany ("Plaintiffs") Claim Construction Brief, (2) Supplemental Declaration of Brookstein in Support of Plaintiff's Claim Construction Brief, (3) Declaration

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

of Günter Alex ("Alex") in Support of IDC and Hairtalk's Preliminary Claim Construction Chart for U.S. Patent NO. 8,434,500 of the testimony and any other declaration or submissions related to the issues of claim construction. Moreover, HairArt moves to exclude any testimony from Brookstein on the functionality/validity of the U.S. Patent No. 8,434,500, the patent in suit, issued on May 7, 2013 ("'500 Patent") and any arguments made by the Plaintiffs in reliance upon Brookstein's or Alex's opinions and testimony rendered for the purpose of Claim Construction.

HairArt's Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, Declaration of Counsel and supporting exhibits attached thereto, the pleadings and documents on file with the Court herein, and any further material and argument presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 began on August 6, 2018 through various correspondence and was completed on August 13, 2018 due to an inability to reach Mr.

//

///

///

///

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

Kain on the telephone prior to that time, though two separate attempts were made the week of August 6, 2018, Ex. 6 to the Decl. of Counsel filed concurrently herewith.

Dated: August 13, 2018

Respectfully submitted,

______________________________
Christina M. Wickers
Law Offices of Rodney W. Wickers
Attorneys for Defendant
Hair Art Int'l, Inc.

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS & AUTHORITIES........................................8**

**I. INTRODUCTION.................................................................................8**

**II. LEGAL DISCUSSION..........................................................................9**

A. Summary Of The Argument...........................................................9

B. Brookstein Is Not Qualified To Offer An Opinion On Claim Construction For The ‘500 Patent Because He Is A Textile Engineer With No Skills Or Expertise In The Hair Industry...........................................11

C. The Textile Engineer, Brookstein’s Opinions Should be Stricken Because He is not Qualified Because His Expertise is in Textile Engineering, not the Art in Question .....................................................11

D. Brookstein Only Has Peripheral Knowledge And Mere Familiarity With The Art From Television Commercials And Is Attempting To Define Terms In The ‘500 Patent In Textile Engineering Terms As Opposed To A Person Of Ordinary Skill In The Art Of The ‘500 Patent......................14

E. Brookstein Has An Over All Lack Of Expertise In The Hair Extension/Attachment And Replacement Industry And Cannot Be Able To Make Opinions Of A POSITA. .........................................................17

F. Brookstein’s Opinions Lack Reliability Related To How A POSITA Would Construe The Claims Of The ‘500 Patent Because He Bases His Opinions On His New Found Understanding Of Follicular Units On Google Instead Of The Prosecution History And Patent Figures............18

G. Brookstein’s Opinions Are Unreliable And Are Unsound Because - He Relied On Articles He Found In Google Searches And Used Textile Engineering Terms To Form His Opinion About The Construction Of Claim Terms ....................................................................................21

H. Brookstein’s Claim That He Is One Of At Least Ordinary Skill In The Art Is Unreliable Because He Did Not Consider But One Factor In Making That Determination ...............................................................24

I. Brookstein’s Opinions Also Lack Reliability Because He Did Not Read The Prosecution History But Merely Skimmed It...................................27

J. Brookstein’s Deposition And Testimony Should Be Excluded Because He Did Not Provide Constructions For The 10 Terms, Brookstein Provided No Constructions But Only Highlighted Portions Of The ‘500 Patent. ...........................................................................28

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

K. Inventor Alex's Declaration Related To Claim Construction Should Be Excluded Because It Is Inconsitant With His Deposition Testimony..28

**III. CONCLUSION** ....................................................................30

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

**Cases**

*Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991) ........................................ 11
*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C-92-20643 RMW(EAI), 1995 U.S. Dist. LEXIS 22777, at *31 (N.D. Cal. Nov. 1, 1995) ........................................ 25
*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986) ........................................ 25
*Brown v. China Integrated Energy Inc.*, No. CV 11-02559 BRO (PLAx), 2014 U.S. Dist. LEXIS 117764, at *7 (C.D. Cal. Aug. 4, 2014) ................ 15
*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 2796-97 (1993) ........................................ 19
*Dev. Specialists, Inc. v. Weiser Realty Advisors LLC*, 2012 U.S. Dist. LEXIS 8666, at *8 (S.D.N.Y. Jan. 24, 2012) ........................................ 20
*IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 U.S. Dist. LEXIS 155136, at *50-51 (S.D.N.Y. Oct. 29, 2013) ........................................ 19, 20
*In re Deters*, 515 F.2d 1152, 1155 (C.C.P.A. 1975) ........................................ 11
*Nimely v. City of N.Y.*, 414 F.3d 381, 396 (2d Cir. 2005) ........................................ 19
*Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1011 (Fed. Cir. 1983) ........................................ 25
*Penda Corp. v. United States*, 29 Fed. Cl. 533, 565 (1993) ........................................ 25
*Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008) ........................................ 11, 12, 15
*Weisgram v. Marley Co.*, 528 U.S. 440, 455, 120 S. Ct. 1011, 1021 (2000) ........................................ 19

**Statutes**

USCS Fed Rules Evid R 702 ........................................ 11, 12, 15, 19

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

1. Moving Parties, Defendant and Counter Claimant, Hair Art Int'l, Inc. ("Hair Art"), through their undersigned counsel, hereby submit this Motion to Strike and Exclude move this Court for and Order to strike and exclude the opinions of David Stuart Brookstein, SC.D. ("Brookstein") for all purposes and the inventor Günter Alex for the purposes of claim construction, including the:

- Declaration in Support of the Plaintiff's International Designs Corporation, a Florida limited liability corporation and Hairtalk Gmbh, a limited liability company of Germany ("Plaintiffs") Claim Construction Brief, (See Decl. Counsel filed concurrently herewith, Ex. 1)
- Supplemental Declaration of Brookstein in Support of Plaintiff's Claim Construction Brief (Decl. Counsel filed concurrently herewith Ex. 2),
- Declaration of Günter Alex ("Alex") in Support of IDC and Hairtalk's Preliminary Claim Construction Chart for U.S. Patent No. 8,434,500 (See Decl. Counsel filed concurrently herewith Ex. 3)

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

Also, HairArt moves to exclude testimony and any other declaration or submissions related to the issues of claim construction by Alex and Brookstein.

2. Moreover, HairArt moves to exclude any testimony or opinions from Brookstein on the functionality/validity of the U.S. Patent No. 8,434,500, the patent in suit, issued on May 7, 2013 ("'500 Patent") and any arguments made by the Plaintiffs in reliance upon Brookstein's or Alex's opinions rendered for the purpose of Claim Construction. (See Decl. Counsel filed concurrently herewith, Ex. 1, 2, 3).

## II. LEGAL DISCUSSION

### A. Summary Of The Argument

3. First, Brookstein is not qualified to offer an opinion on claim construction for the '500 patent because he is a textile engineer with no skills or expertise in the human hair replacement or attachment industry. Second, the textile engineer, Brookstein's opinions should be stricken because he is not qualified because his expertise is in textile engineering, not the art in question, human hair products. Additionally, Brookstein only has peripheral knowledge and mere familiarity with the art from television commercials and is attempting to define terms in the '500 patent in textile engineering terms as opposed to a person of ordinary skill in the art of the '500 patent. Also, Brookstein only has peripheral knowledge and mere

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

familiarity with the art from television commercials and is attempting to define terms in the '500 patent in textile engineering terms as opposed to a person of ordinary skill in the art of the '500 patent. Moreover, Brookstein has an over-all lack of expertise in the hair extension/attachment and replacement industry and cannot be able to make opinions of a POSITA.

4. Also, Brookstein's opinions lack reliability related to how a POSITA would construe the claims of the '500 patent because he bases his opinions on his new found understanding of follicular units on google instead of the prosecution history and patent figures. Similarly, Brookstein's opinions are unreliable and are unsound because -he relied on articles he found in google searches and used textile engineering terms to form his opinion about the construction of claim terms.

5. Additionally, Brookstein's claim that he is one of at least ordinary skill in the art is unreliable because he did not consider but one factor in making that determination. Next, Brookstein's opinions also lack reliability because he did not read the prosecution history but merely skimmed it. Finally, Brookstein's deposition and testimony should be excluded because he did not provide constructions for the 10 terms, Brookstein provided no constructions but only highlighted portions of the '500 patent.

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

6. Lastly, Inventor Alex's declaration related to claim construction should be excluded because it is inconsistent with his deposition testimony. The undersigned counsel respectfully requests this Court grant the Motion to Strike/Exclude as requested.

**B. Brookstein Is Not Qualified To Offer An Opinion On Claim Construction For The '500 Patent Because He Is A Textile Engineer With No Skills Or Expertise In The Hair Industry.**

7. A person who is not qualified in the pertinent art may not testify as an expert about the particular art. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008), citing *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991), *Medtronic, Inc. v. Intermedics, Inc.*, 799 F.2d 734, 740-41 (Fed. Cir. 1986) and *In re Deters*, 515 F.2d 1152, 1155 (C.C.P.A. 1975)

8. Moreover, when "issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to USCS Fed Rules Evid R 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art." *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008).

**C. The Textile Engineer, Brookstein's Opinions Should be Stricken Because He is not Qualified Because His Expertise is in Textile Engineering, not the Art in Question**

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

9. The textile engineer, Brookstein's opinions should be stricken because he is not qualified because his expertise is in textile engineering, not the art in question.

10. "Admitting testimony from a person[. . .] with no skill in the pertinent art, serves only to cause mischief and confuse the factfinder." *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008). Without expertise in the art, the opinions fail the standard of admissibility under USCS Fed Rules Evid R 702.

11. Brookstein has extensive and thorough experience but, it has been in garments, fabrics, clothing and medical grafts/shunts, a knee ligament, yarn texturing. Dec. Counsel, Ex. 4, Brookstein Depo. ("Brookstein Depo.") 43-46:16-14; 46-47:17-10; 54-55:6-4; 58:13-. 47:18-21. Brookstein admits that he has no experience in the hair industry, including hair replacements or attachments, which is what the patented invention in the '500 Patent is. Brookstein Depo., 34-35:14-1; 35-39:4-25; 41:2-6; 41-43:12-15; 47:11-21; 47:18-20; 48:1-16, 18-21; 56:6-9; 56:16-19; 56-57:16-15; 65:18-20; 66:2-3; 69:12-25; 70:2-19; 73-74:25-15; 78:9-12; 78:24-4.

12. In the case at bar, though Brookstein believes that he is at least a POSITA based upon his background in textile engineering, he does not understand the patent terms without conducting a google search on hair

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

growth, follicular units, and biology. Brookstein Depo.23:17-24. 169:20-22; 170-171:23-16. For one example:

```
        So you didn't have any education in follicular
units before you started Googling it, right?
    A.   That is correct.
```

Brookstein Depo., 169:20-22.

13. Brookstein provides evidence that he is unfamiliar with the art because Brookstein never corrects, during the deposition, the use of the term, over and over, "hair supplement," though it is not even a term known by the inventor and applicant of the '500 Patent. Depo. Broookstein, 14:20, 74:20-25; 76:2, 6-19, 3, 5, 6, 18, 20, 27; 77:2, 110:16, 17, 19, 22, 25; 78:7; 79:14; 110:15; 173:20; 175:11, 12, 231:15, 235:23; Decl. Counsel, Ex. 5, Alex Depo. ("Alex Depo.) 81:13-16; 120:14-18; 121:3-12. Brookstein's Declarations should be stricken because he is not qualified and claims that does not believe that the inventor to be at least a POSITA for the purpose of claim construction. Depo. Broookstein, 128:1-21; 130:6-8.

14. Brookstein's basis for his claims that the "500 Patent generally relates to textile engineering" is from a definition he obtained from a textbook published in 2009, which somehow brings Brookstein to the conclusion that the '500 Patent is a "textile engineering problem" and the

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

art is a textile engineering structure. Depo. Broookstein, 29-32:13-7; 126:1-5, Decl. Counsel, Exhibit 1, page 003 ("Ex. 1-003"), Ex. 1-055 ¶5 . Brookstein's definitions are not on point because Brookstein admits that he does not know anyone in textiles that uses human hair in making textiles. Brookstein Depo., 72-73:7-3.

15. Moreover, Brookstein's patents do not have any hair, animal or human, as part of the patents he has invented. Brookstein Depo57:16-21. Brookstein's patent 13 is for "seed hair or vegetable hair" which is again, not human hair. Brookstein Depo. 57:22-7.

16. Since Brookstein has no experience in the art, he cannot be a POSITA or be able to provide evidence of how a POSITA would construe the claim terms. Accordingly, Brookstein's testimony and declarations should be stricken or excluded.

**D. Brookstein Only Has Peripheral Knowledge And Mere Familiarity With The Art From Television Commercials And Is Attempting To Define Terms In The '500 Patent In Textile Engineering Terms As Opposed To A Person Of Ordinary Skill In The Art Of The '500 Patent**

17. Brookstein only has peripheral and mere familiarity with the art that he saw in television commercials and is attempting to define terms in

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

the ‘500 patent in textile engineering terms as opposed to a POSITA of the ‘500 patent.

18. The proposed expert must have expertise in the matters on which he will opine in this case[1] but, “peripheral contact and mere familiarity” with the subject matter on which opinions will be offered is insufficient to satisfy the requirements of USCS Fed Rules Evid R 702. *Sundance*, Supra at 1360; *see also Brown v. China Integrated Energy Inc.*, No. CV 11-02559 BRO (PLAx), 2014 U.S. Dist. LEXIS 117764, at *7 (C.D. Cal. Aug. 4, 2014).

19. In the case at bar, Bookstein has never heard the term hair replacement or addition except on television. Brookstein Depo., 79:5-15. Also, Brookstein believes that his “expertise” related to the art is from reading the patent but, admits that he has no other expertise in devices that replicate naturally occurring hair on a human scalp. Brookstein Depo., 80:6-23.

20. Brookstein’s reasoning behind his “expertise” in human hair replacements and additions is because:

[1] *Brown v. China Integrated Energy Inc.*, No. CV 11-02559 BRO (PLAx), 2014 U.S. Dist. LEXIS 117764, at *15 (C.D. Cal. Aug. 4, 2014)

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

A. Human hair is a fiber, so based on my definition all hair is used interchangeably with fiber -- By the way, not my definition, the definition in the Dictionary of Textiles on Bates 1709 and this is in my report. "Hair. Used interchangeably with fiber in reference to vegetable and animal fibers" then the answer would be yes.

Brookstein Depo.70-71:25-8, Decl. Counsel, Decl. Counsel, Ex 1-003 ¶5, Ex 1-51.

21. Brookstein has strung together the above argument to attempt to show his expertise in human hair and also provides, in part:

Q. Doesn't it say down here on what you've Bates numbered 1709, "A filament growing from the epidermis of an animal, especially that which forms the characteristic coat of mammals," does that sound like human hair to you?

A. Yes.

Q. And why is that?

A. Because your scalp is your epidermis and it forms a coat and then you're a mammal. I'm a mammal and I have an epidermis.

22. Brookstein Depo. 72:13-22, Decl. Counsel, Ex. 1-050. Nonetheless, Brookstein admitted he does not know anyone in the textile industry that uses human hair in textiles. Brookstein Depo. 72-73:7-3.

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

23. Accordingly, since Brookstein has only peripheral and mere familiarity with the art from television commercials, his testimony, declarations and attachments should be stricken or excluded.

**E. Brookstein Has An Over All Lack Of Expertise In The Hair Extension/Attachment And Replacement Industry And Cannot Be Able To Make Opinions Of A POSITA.**

24. Brookstein has no expertise to make opinions as a POSITA because did not have any knowledge of hair extensions, or that the products he was looking at were hair extensions, prior to the point he was "told by counsel." Brookstein Depo. 40:6-19.

25. Additionally, Brookstein admits that he has no knowledge about what methods are used for creating hair additions or what an implantation method is. Brookstein Depo. 80-92:24-20. Brookstein doesn't even have a grasp of the most simple terminology of what a hair weft is in the hair replacement and addition industry or other common terms in the hair replacement and addition industry. Brookstein Depo. 93-94:1-1; Alex Depo. 65-67:13-1, 81-82:17-13.

To typify Brookstein's lack of expertise he was asked:

BY MS. WICKERS:
Q. But you haven't one time worked with human
hair, correct, in the whole time that you've been

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

working in textile engineering?
A. Fine, but I've worked with fibers, and hair are fibers.
Q. But it's correct, right?
MS. WICKERS: Can you please read the question again.

(Whereupon, the requested portion of the record was read back, after which the deposition resumed).

THE WITNESS: That's correct.

26. Therefore, since Bookstein has no experience in the hair industry, with hair pieces, hair additions or replacements, Brookstein has no expertise to determine what a POSITA would have understood the disputed claim terms and phrases to mean. Accordingly, Brookstein's testimony and declarations, and any attached documents, should be excluded or stricken.

**F. Brookstein's Opinions Lack Reliability Related To How A POSITA Would Construe The Claims Of The '500 Patent Because He Bases His Opinions On His New Found Understanding Of Follicular Units On Google Instead Of The Prosecution History And Patent Figures.**

27. For expert opinion to be admissible, the moving party must provide the Court with enough information to enable to the Court to admit

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

the evidence. USCS Fed Rules Evid R 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590, 113 S. Ct. 2786, 2795 (1993) .

28. The key inquiry is the reliability and soundness of the experts methodology, excluding junk science that does not meet the FRCP “702’s reliability standards.” *Supra*. The reliability of a proposed expert's testimony "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 2796-97 (1993) .

29. *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 2013 U.S. Dist. LEXIS 155136, at *50-51 (S.D.N.Y. Oct. 29, 2013), provides, at length the requirements of expert testimony as “exacting standards of reliability”[2], “rigorous analytical connection between the methodology and the conclusions”[3]. “A court's inquiry as to whether an expert's proffered opinion is reliable is context, specific; the question is not whether the expert methodology might be generally reasonable but rather whether in the

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

[2] Citing *Weisgram v. Marley Co.*, 528 U.S. 440, 455, 120 S. Ct. 1011, 1021 (2000)

[3] Citing *Nimely v. City of N.Y.*, 414 F.3d 381, 396 (2d Cir. 2005)

context of the particular matter at hand it is reliable." *IBEW Local 90*, Supra at 50-51.[4]

30. Brookstein's opinions lack reliability, also related to, how a POSITA would construe the claims of the '500 patent because Brookstein bases his opinions on Brookstein's new found understanding of follicular units from google searches, instead of the prosecution history and patent figures.

31. Brookstein's opinion that the disputed claim term 1 "the hairs individually stitched through" means "one or more ends of hairs stitched through the carrier foil at individual stitch through points" but Brookstein cannot point to any Figure in the patent that would support his "or more" interpretation, he points to extrinsic evidence that was part of a google search describing follicular units. Brookstein Depo. 73:16-24; 94-95:2-11; 95-96:18-2, 169:20-22; 189:7-10.

32. Though Brookstein, in his deposition, agreed that there are no actual photos of follicular units that have the hair coming out of the same opening in humans[5], he still is of the opinion that the construction should

[4] Citing *Dev. Specialists, Inc. v. Weiser Realty Advisors LLC*, 2012 U.S. Dist. LEXIS 8666, at *8 (S.D.N.Y. Jan. 24, 2012) .

[5] Brookstein Depo., 161-165:11-9; 167-169:4-22.

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

be one "or more" hairs without any developing those opinions based upon the Figures or the prosecution history.

33. Brookstein admitted that the only scanned the prosecution history for claim terms and did not read it in its entirety. Brookstein Depo. 223-224:24-10. Brookstein did not believe that the back and forth about prior art between the applicant and the patent examiner was important for claim construction. Brookstein Depo. 148-149:17-1; 156:4-2.

34. Therefore, since Brookstein's opinions lack reliability because he bases his opinions on Brookstein's new found, and incorrect understanding of follicular units instead of the patent figures and prosecution history. Accordingly, Brookstein's declarations, evidence attached thereto and testimony should be stricken or excluded.

**G. Brookstein's Opinions Are Unreliable And Are Unsound Because -He Relied On Articles He Found In Google Searches And Used Textile Engineering Terms To Form His Opinion About The Construction Of Claim Terms**

35. Brookstein's opinions are unreliable and are unsound because Brookstein relied on articles he found in google searches and used textile engineering terms to form his opinion about the construction of claim terms.

36. In the case at bar, Brookstein's opinion that the disputed claim term 1 "the hairs individually stitched through" means "one or more ends of

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

hairs stitched through the carrier foil at individual stitch through points"[6] is based on his google search for articles on biology related to hair growth for this construction because he has no experience in the hair industry. Brookstein Depo. 73:16-24; 94-95:2-11; 95-96:18-2, 169:20-22.

37. Moreover, Brookstein agrees that the patent specifies that "the hairs glued to the back side of the foil are not lying one atop the other" but, Brookstein does not believe Figure 1 is consistent with that statement. Brookstein Depo. 195:22-14. Instead, Brookstein choses to cite to extrinsic evidence of a wheat analogy to explain how the hair is in the carrier as one "or more" hairs through individual points. Brookstein Depo. 195:13-18. Then Brookstein changes his position, saying Figure 1 does not have the hair on top of each other, the way the specification reads, and agrees that the hair at the back side does form a single layer[7] and each of the hairs on the back side does not touch each other.

38. In the case at bar, Brookstein's Declarations and testimony is unreliable because he was working under assumptions that are not contained in his declarations including that "a strand is a group of fibers such as hairs" . . . "Group or bundle of fibers" because of his background

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

---

[6] Decl. Counsel, Ex. 1-011, ¶20; Ex. 2-005, ¶10.

[7] Brookstein Depo. 196:4-10; 198:19-2

as a textile engineer, unskilled in the art. Brookstein Depo. 24-25:11-19, 23-8; 24:11-19.

39. Next, Brookstein's reasoning is unsound in his opinion that the term "the hairs individually stitched through" to mean "one or more ends of hairs stitched through the carrier foil at individual stitch through points" because Brookstein is relying on a textile engineering definition of a "strand" as a "group or bundle of fibers", not the definition a POSITA would understand when viewing the '500 Patent. Brookstein is not taking into account what the art is in this case, hair attachments and replacements and what a POSITA would be. Brookstein Depo., Supra. Below is a discussion of the factors that Brookstein did not consider when determining what a POSITA would be, beginning at ¶44 below.

40. Moreover, Brookstein in forming his opinion provided no reliable basis that a strand of hair means a group or bundle of hairs to a POSITA. Brookstein Depo. 25:20-24; 96:3-17.

41. Another way that Brookstein's opinions are unsound and unreliable is in Brookstein's description of fiber. Brookstein again relies on fiber as hair being interchangeable on a textile engineering term in the Fairchild Dictionary of Textiles. Brookstein Depo. 106:7-18; Decl. Counsel, Ex. 1-041. Brookstein is not using the common use of the word

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

fiber or one that would be understood by a POSITA, but claims "[t]his is a textile engineering thing". Brookstein Depo. 108:1-22.

42. Brookstein's opinions are all based on the textile principles and definitions, that those skilled in the art may not know, to form an opinion that the 500 Patent is a "fibrous product". Brookstein Depo. 113:1-9. Brookstein cannot rely on a definition from textile engineering to interpret a claim term as a POSITA because not all POSITA's would have a textile engineering background.

43. Therefore, Brookstein's opinions are unreliable and are unsound because Brookstein relied on articles he found in google searches and used textile engineering terms to form his opinion about the construction of claim term 1, and should be stricken or excluded.

**H. Brookstein's Claim That He Is One Of At Least Ordinary Skill In The Art Is Unreliable Because He Did Not Consider But One Factor In Making That Determination**

44. Brookstein's claim that he is one of at least ordinary skill in the art is unreliable because he did not consider but one factor in making that determination.

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

45. *Penda Corp. v. United States*, 29 Fed. Cl. 533, 565 (1993)[8][9], it provides the six factors to determine the level of ordinary skill in the art:

> (1) the educational level of the inventor, (2) the type of problems encountered in the art, (3) the prior art solutions to those problems, (4) the rapidity with which innovations are made, (5) the sophistication of the technology, and (6) the educational level of active workers in the field. [10]

Brookstein was asked what factors he considered to determine the level of ordinary skill in the art, he claimed he only considered one (sophistication of the technology) but did not state which one he considered in his declarations. Brookstein Depo. 116-118:14-9; 126-127:7-7; 130:12-13, 20-24; 131-132:1-2.

46. Brookstein is not a POSITA because he does not understand the benefits of the approach, characteristics of the finished product including manufacturing benefits associated with the claimed invention.

---

[8] Citing *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986) ; *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005 (Fed. Cir. 1983)

[9] See also, *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1011 (Fed. Cir. 1983)

[10] See also, *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C-92-20643 RMW(EAI), 1995 U.S. Dist. LEXIS 22777, at *31 (N.D. Cal. Nov. 1, 1995)



Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

Brookstein Depo. 134-135:23-12. Brookstein also cannot determine who is a POSITA or be a POSITA because he does not understand the benefits of the approach of the '500 Patent. Brookstein Depo. 135-138:12-19.

47. Brookstein, in his Decl. ¶12, states that a POSITA would "understand the benefits of the approach, characteristics of the finished product including manufacturing benefits associated with the invention. Brookstein Depo135:23-4. Brookstein then claims he meant to say manufacturing benefits means that a person knew how to replicate the patent/invention. Brookstein Depo.134-135:23-11.

48. Brookstein does not understand the benefits of the approach either. Brookstein Depo.12-7. Brookstein believes that the '500 Patent is not a sophisticated product but still believes it requires a degree in textile engineering. Brookstein Depo. 118:10-25. Brookstein also does not know what the usages are with respect other characteristics of the finished product. Brookstein Depo. 137-138:21-10. Brookstein does not know the manufacturing benefits associated with the claimed invention. Brookstein Depo. 138:12-19.

49. Brookstein did not consider the types of problems encountered in the art or previous solutions. Brookstein Depo. 130-131:12-4. Brookstein did not consider the rapidity with which the inventions are made in the industry. Brookstein Depo. 131:6-8. Brookstein also did not

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

consider the educational level of those who work in the relevant industry. Brookstein Depo. 131:12-14.

50. Therefore, Brookstein is not a POSITA, cannot determine who would be at least one of ordinary skill in the art, or whether anyone else is a POSITA. Accordingly, his opinions and testimony should be excluded.

**I. Brookstein's Opinions Also Lack Reliability Because He Did Not Read The Prosecution History But Merely Skimmed It.**

51. Brookstein's opinions also lack reliability because he did not read the prosecution history but merely skimmed it. For example, at his deposition, Brookstein did not know approximately how much time he "looked" at the prosecution history before he wrote his report. Brookstein Depo. 18-19:1-6; 20-21:17-7 143-144:1-11; 145:2-11. Brookstein admitted that the only scanned the prosecution history for claim terms and did not read it. Brookstein Depo. 223-224:24-10. Brookstein did not believe that the back and forth about prior art between the applicant and the patent examiner was important for claim construction, which is probably why when he was asked about the applicants statements concerning the '500 patent and prior art, he did not seem familiar with it and made no reference to it for the ten claim term construction. Brookstein Depo. 148-149:17-1; 156:4-2. Since Brookstein did not read the prosecution history, is opinions,

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

testimony and attached exhibits are unreliable and should be stricken or excluded.

**J. Brookstein's Deposition And Testimony Should Be Excluded Because He Did Not Provide Constructions For The 10 Terms, Brookstein Provided No Constructions But Only Highlighted Portions Of The '500 Patent.**

52. Brookstein claims to have spent thirty (30) hours preparing the Declaration. Brookstein Depo. 21:8-24; Decl. Counsel, Ex. 1-011. Brookstein claims he spent two to three hours tops on the supplemental declaration. Brookstein Depo. 21:13-17; Decl. Counsel, Ex. 2-001. Booksteins Decl. should be excluded because he knew that the Court ordered construction of ten 10 claims, but did not provide constructions for them, instead, fashioning his own construction of more than the claim term which was, "one or more ends of hairs stitched through the carrier foil at individual stitch-through points" . Brookstein Depo. 22:22-12; 157-159:3-15; 177:20-21; 189:2-6.

**K. Inventor Alex's Declaration Related To Claim Construction Should Be Excluded Because It Is Inconsitant With His Deposition Testimony.**

53. Inventor Alex, at the Deposition claimed that he did not provide any opinions in his declaration. Decl. Counsel, Ex. 5, Depo. Alex 38-39: 4-

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

22; 47:2-7; 12-16; 48-49:6-25; 50-51:9-13. Inventor Alex, in his Declaration, attached to the Decl. Counsel Ex. 3-001, provides the following:

4. The phrase in Claim 1 and 18 "wherein the ends of the hairs are individually stitched through the foil forming the outer layer of the carrier structure," means "hairs are stitched through the carrier foil at individual stitch-through points" therefore the plain reading of the claim language is understood to be "one or more ends of hairs stitched through the carrier foil at individual stitch-through points."

5. The claim language refers to "hairs" and does not refer to "a hair," therefore the plain reading of the claim language is understood to be "one or more ends of hairs stitched through the carrier foil at individual stitch-through points."

Alex claims that the '500 Patent terms "hair" and "hairs" has to do with his understanding that "in English hair stands for more than one hair or one hair or whatever; it's a headline, hair". Decl. Counsel, Ex. 5, Alex Depo. 38-39: 4-22. Inventor Alex also changed the construction of his "one or more ends of hairs" to be one to four, the day after he sat in on Brookstein's Deposition agreeing that a thousand hairs in one opening would not look natural. Alex Depo. 47-49:22-9; 50-51:19-13.

54. On another note, though Brookstein and Inventor Alex's constructions are exactly the same Inventor Alex claims that he prepared his own Declaration. Alex Depo. 76-79:8-22. Miraculously, both Brookstein and Inventor Alex had the exact same construction for the claim term 1.

Law Office of Rodney W. Wickers
2790 Skypark Drive, Suite 209
Torrance, California 90505

55. Inventor Alex's Depo. was inconsistent with Alex's construction and the Declaration should therefore be stricken or excluded.

## III. CONCLUSION

56. Accordingly, based upon the foregoing, Hair Art respectfully requests this Court grant the Motion and exclude or strike the declarations and testimony of Brookstein for all purposes, and Alex for the purposes of claim construction.

Dated: June 13, 2018

Respectfully submitted,



Christina M. Wickers
Law Office of Rodney W. Wickers
Attorney for Defendant, Hair Art Int'l, Inc.

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505

## CERTIFICATION OF SERVICE

I hereby certify that on August 17, 2018, I electronically filed the following documents with the Clerk of this Court using CM/ECF.

**NOTICE OF MOTION AND MOTION TO STRIKE AND EXCLUDE THE OPINIONS OF DR. DAVID STUART BROOKSTEIN SC.D.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF DEFENDANT HAIRART'S MOTION TO STRIKE AND EXCLUDE DR. STUART BROOKSTEIN SC.D'S OPINION**

I also certify that the foregoing document was served on August 17, 2018, on all counsel of record, pro se parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Robert C. Kain, Jr. (*pro hac vice*); Florida Bar No. 266760
rkain@complexip.com
Nicole Valdivieso (*pro hac vice*); Florida Bar No. 182346
nvaldivieso@complexip.com
Kain Spielman, P.A.
900 Southeast 3rd Avenue, Ste 205
Fort Lauderdale, FL 33316
Tel: 954.768.9002; Fax: 954.768.0158
Attorneys for Plaintiffs, International Designs Corporation, a Florida Corporation and HairTalk GmbH, a limited liability company of Germany

Dated: August 17, 2018

Respectfully submitted,



Christina M. Wickers
Law Offices of Rodney W. Wickers
Attorneys for Defendant, Hair Art Int'l, Inc.

*Law Office of Rodney W. Wickers*
2790 Skypark Drive, Suite 209
Torrance, California 90505