JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL DESIGNS CORP., etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> HAIR ART INT'L, INC., etc., <br><br> Defendant. | Case No. CV 17-8411-GW-PJWx <br> Hon. George H. Wu <br><br><br><br> **ORDER AND JUDGMENT** |
| AND RELATED COUNTERCLAIMS. | |

In their operative First Amended Complaint ("FAC"), Plaintiffs International Designs Corporation and Hairtalk GmbH (collectively, "Plaintiffs") allege that Hair Art Int'l, Inc. ("Defendant") is infringing U.S. Patent No. 8,434,500 (the "'500 Patent") directly and under the doctrine of equivalents. *See* DN 41. Defendant's First Amended Counterclaim ("FACC") seeks a judicial declaration against both Plaintiffs that Defendant has not infringed the '500 Patent, that the '500 Patent is unenforceable and/or invalid and that Plaintiffs' claims are being asserted in bad faith. In the FACC, Defendant also purports to assert claims against Günter Alex, the named inventor on the '500 Patent. *See* DN 92.[1]

On October 4, 2018, the Court conducted a claim construction hearing. Following the hearing, the Court entered an order adopting as "final" its tentative rulings on claim construction. *See* DN 161. Based upon the Court's claim construction ruling, on January 18, 2019, Hair Art moved for summary judgment of non-infringement. *See* DN 184.

The hearing on Hair Art's motion took place on February 28, 2019. At the time of the hearing, four counterclaims were pending. *See* Docket No. 92; *see also* Docket Nos. 135, 162 (granting Plaintiffs' motion to dismiss Defendant's antitrust counterclaim and striking it from the Defendant's operative counterclaims).

At the hearing, Defendant stated its position that, if the Court granted the motion for summary judgment, no case or controversy would remain with respect to three of Defendant's four remaining counterclaims because they would be moot and no longer require litigation. Regarding Defendant's fourth counterclaim, entitled "Patentee Brought Action in Bad Faith," counsel for Defendant stated his intention to

---

[1] The FACC also contains a claim for anti-trust violations under the Sherman Act and the Clayton Act, 15 U.S.C. §§ 1-4. This claim was dismissed on August 23, 2018. *See* DN 135 (granting Plaintiffs' motion to dismiss Defendant's antitrust counterclaim).

1

Error! Unknown document property name.

discuss this counterclaim with Defendant and explore the legal basis underlying this counterclaim.

Following the hearing, on March 1, 2019, the Court entered an order, DN 210, granting Defendant's motion for summary judgment of non-infringement and further ordering Defendant to file a notice within 7 days regarding its fourth counterclaim and a proposed order consistent with how it would ask the Court to proceed.

On March 8, Defendant filed a notice stating that it did not intend to pursue its fourth counterclaim and reiterating Defendant's understanding that its remaining counterclaims were moot. *See Nystrom v. Trex, Co.,* 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) ("a district court has discretion to dismiss a counterclaim [for invalidity and unenforceability] as moot where it finds no infringement.") (internal quotations and citations omitted).

Based upon all of the foregoing, the Court finds that, in light of the grant of summary judgment in favor of Defendant on Plaintiffs' patent infringement claims, Defendant's counterclaims for a declaration of non-infringement, invalidity and/or unenforceability are moot. The Court also finds that, in light of Defendant's decision not to pursue its fourth counterclaim, there is no further case or controversy between the parties.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant's counterclaims are hereby DISMISSED WITHOUT PREJUDICE AS MOOT; and
2. JUDGMENT SHALL BE, AND IT HEREBY IS, ENTERED IN FAVOR OF DEFENDANT on the claims in Plaintiffs' First Amended Complaint.

Dated: March 12, 2019

_____

GEORGE H. WU, U.S. District Judge